IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Gary Betts and Earl Betts,<br><br>Plaintiffs,<br><br>v.<br><br>Rebecca Wigget, in her official capacity as Boone County Coroner, and Boone County, Illinois<br><br>Defendants. | Case No.: 3:23-cv-50418<br><br>Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiffs bring this Third Amended Complaint, alleging Section 1983 violations and state law claims. The Defendants moved to dismiss under F.R.C.P. Rule 12(b)(6). For the reasons below, the Court grants Defendants' Motion.

**Background & Procedural History**

The Betts family endured a torturous ordeal, losing their daughter and sister, Louise Betts, in a heinous, depraved murder. Their wounds were ripped open when, decades later, they discovered that the then-Coroner ("Hyland," deceased) secretly kept Louise's skull, obstructing a proper burial. Hyland's alleged actions forced Gary and Earl Betts to disinter their sister to finally provide her with a proper burial.

Understandably, Gary and Earl Betts,[1] Louise's remaining family members, sued. Betts filed an initial complaint in November, 2023, dkt. 1, an amended one in

---

[1] The Court refers to the Betts brothers collectively and in the singular.

1

May 2024, dkt. 36, and a second amended complaint in July 2024, dkt. 53. The Defendants moved to dismiss the second amended complaint under 12(b)(1) and 12(b)(6). Dkt. 56. This Court found that Betts had standing to bring a Section 1983 deprivation of property claim and that the claim wasn't time-barred. Dkt. 76. However, the Court dismissed the complaint because Betts didn't sufficiently allege a *Monell* claim. *Id.* It gave Betts leave to file this third (and final) Complaint. Dkt. 79.

## *Monell* Allegations

The Court recounts only those allegations relating to Bett's *Monell* claim. For more background, see dkt. 76. It accepts the allegations as true to decide this Motion.

In addition to Louise Betts' skull, then-Coroner Wesley Hyland retained "multiple bodily remains from multiple deceased [individuals]." Dkt. 79 ¶ 25. Citing Illinois statutory provisions, Betts alleges a coroner holds these powers and responsibilities:

- The Boone County Coroner controls the operation of the Boone County Coroner's Office. 55 ILCS 5/3-3003
- The Boone County Coroner is a conservator of the peace of the County and can perform all of the duties of the Sheriff of the County. 55 ILCS 5/3007 and 5/3010.
- The Boone County Coroner has complete discretion concerning investigation of deaths, inter alia, caused potentially by homicide, deaths not attended by a physician, deaths of a ward of the state, deaths caused by accident, and apparent suicides. 55 ILCS 5/3013.
- It is within the complete discretion of the Boone County Coroner to summon a jury to conduct an inquest concerning the categories of deaths indicated above.

- No dead body subject to an investigation or inquest by the Coroner and the personal property of such deceased may be handled, moved, disturbed, embalmed or removed from the place of death except with permission of the Coroner. 55 ILCS 5/3019.
- The Coroner has the discretion consistent with the Coroner's duties to turn over the body of the deceased to the deceased's next of kin, friends, personal representatives or person designated in writing or to a funeral director designated by the above for proper disposition of the remains or if there is none of the above, in the Coroner's discretion to be buried, cremated or donated to science. 55 ILCS 5/3-3021 and 5/3-3034.

Dkt. 79 ¶¶ 28–33. Betts concludes that Hyland was a final decisionmaker and had policy making authority.

**Analysis**

Federal Rule of Civil Procedure 8 requires only a "short and plain statement" establishing the basis for the claim and the Court's jurisdiction. Fed R. Civ. P 8(a). A plaintiff will survive a Rule 12(b)(6) motion if the plaintiff alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Importantly, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

*Monell*

Betts concedes that his claims "[are] essentially against Boone County." Dkt. 94 at 3. It's a legally peculiar situation, because Hyland was both the coroner and held the Office of the Coroner. In any event, under *Monell*, a plaintiff may raise a Section 1983 claim against a local government entity. 436 U.S. 658. However, those entities "are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents." *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992). A municipality only faces *Monell* liability when it violates a constitutional right "via an official policy or custom." *Wragg v. Village of Thronton*, 604 F.3d 464, 467 (7th Cir. 2010).

To establish an official policy or custom, a plaintiff must allege that his injury was caused by (1) the entity's express policy that, when enforced, cause[d] a constitutional deprivation; (2) the entity's widespread practice that, although not authorized by written law or express municipal policy, [was] so permanent and well settled as to constitute a custom or usage within the force of law; or (3) a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319,324 (7th Cir. 2000). Betts admits that only the third avenue—an official policy via a person with final policymaking authority—is relevant in this case. Dkt. 94 at 1.

For this Motion's purposes, the Court will assume that Hyland had final policymaking authority: He held the official position, apparently supervised others, and had discretion in investigatory matters. It's unnecessary to decide whether

4

Hyland technically answered to the legislature or some other entity in Illinois' patchwork municipal hierarchy.

But the Court agrees with Defendants that there's another question. *Monell*'s policymaker prong requires "both a person with policymaking authority *and* an official action that implements or creates official policy." *Palka v. City of Chicago*, No. 07-C-5211, 2008 U.S. Dist. LEXIS, at *21 (N.D. Ill. Aug. 20, 2008), *aff'd*, 662 F.3d 428 (7th Cir. 2011); *see also McGreal v. Ostrov*, No. 98-C-3958, 2002 U.S. Dist. LEXIS 14251, at *10 (N.D. Ill. Aug. 1, 2002) ("The 'policymaker' prong of *Monell* requires more than the act of a policy maker. It is necessary for the policymaker's act to have been in conformance with, or in the creation of, governmental rules that have the effect of law . . . .").

Betts can't sufficiently allege Hyland "implemented or created official policy." A policymaker doesn't carry out policy, "[u]nless today's decision ought to govern tomorrow's case under a law or custom with the force of law." *Auriemma*, 957 F.2d at 400. "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departure from them, are the act of the municipality." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). To hold a municipality liable, "*Monell* tells us [] the agent's action must implement rather than frustrate the government's policy." *Id.*; *see also McGreal*, 2002 U.S. Dist. LEXIS 14251, at *10 at *10 ("A policymaker who acts outside of the rules does not thereby set [a] new policy."); *Palka*, 2008 U.S. Dist. LEXIS, at *21 (same).

5

As Coroner, Hyland owed Boone County residents a duty to tend to their deceased in a proper and dignified manner. Illinois statutes vested Hyland with powers and responsibilities, expecting him to respectfully administer the Coroner's office. If the allegations are true, Hyland, at least a few times, defiled the position, acting callously and indecently. Nevertheless—indeed because—he behaved in that manner, he didn't implement a policy but rather frustrated the underlying one. If anyone had known about Hyland's secret misdeeds—keeping victims' body parts in his house—they would have immediately ensured his removal; in no way would the "policy" continue the next day. So, Betts doesn't sufficiently allege a *Monell* claim, and his Section 1983 claim must be dismissed with prejudice. Because the Court dismisses the federal claim, it won't exercise supplemental jurisdiction over the state law claims.

***

The Court understands that this decision leaves the Betts family with no federal recourse, unable to proceed against the deceased coroner or Boone County in this Court. Unfortunately, federal law can't right every wrong. And this Court's jurisdiction is limited to what Congress authorizes. The Betts family deserves solace and peace, may they find it. The process to those goals begins with a heartfelt apology by Boone County, if it hasn't done so already.

Entered: March 26, 2025      By:_____

                                                                                                             Iain D. Johnston
                                                                                                            U.S. District Judge